IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| OLGENS DRAGENICE, #A45-481-578 * <br> Petitioner, <br> v.        * CIVIL ACTION NO. CCB-05-425 <br> JOHN TSOUKARIS       * <br> Respondent. <br> ****** | |

## **MEMORANDUM**

On February 11, 2005, Olgens Dragenice, a Department of Homeland Security, Immigration and Bureau of Customs Enforcement ("ICE") detainee who is now housed at the Carroll County Detention Center, filed this 28 U.S.C. § 2241 Petition for writ of habeas corpus seeking to "remedy his unlawful detention." Paper No. 1.  Petitioner claims that he was taken into immigration custody in April of 2002, when he was paroled from the  Maryland Division of Correction, and has remained confined in local detention facilities under immigration custody since that time.  *Id.*     Petitioner claims that his continued detention violates the "six-month presumptively reasonable [post-removal-order detention] period" under *Zadvydas v. Davis*, 533 U.S. 678 (2001).  *Id*.

The Government's Response, filed on March 22, 2005, argues for dismissal of the Petition.[1]  Paper No. 4.  Respondent asserts that  in light of the stay of removal issued by the United States Court of Appeals for the Fourth Circuit in November of 2003, and lifted upon issuance of the Fourth Circuit

---

[1] Pursuant to the DHS interpretation of *Rumsfield v. Padilla*, 124 S.Ct. 2711, 2717-18 (2004) (where alien is solely challenging his detention, proper respondent is custodian), Respondent moves to substitute the name of Timothy K. Cameron, Warden of the St. Mary's County Detention Center, as Respondent, and to dismiss the Petition against Respondent John Tsoukaris.  Paper No. 4 at 2-4.   Petitioner was, however, relocated to the Carroll County Detention Center as of April 15, 2005.  *See* Paper No.  6. Consequently, under *Padilla*, the request shall be granted to substitute Carroll County Detention Center Warden George Hardinger as the proper Respondent.

mandate in February of 2005, Petitioner is still within the removal period.  Paper No. 4.  Petitioner opposes the dismissal of his case, arguing that he has never been informed that his removal period has been tolled under statute; that he continues to receive periodic custody reviews; and that ICE cannot retroactively start and stop or "suspend" the removal period.  Paper No. 5.

The case is ready for this court's consideration.  Oral hearing is not necessary.  *See* Local Rule 105.6. (D. Md. 2004).

There is no dispute that Petitioner is a native of Haiti who was denied a withholding of removal under the Convention Against Torture and ordered removed on August 22, 2002.  Paper No. 4, Ex. A.  On April 20, 2003, the Board of Immigration Appeals ("BIA") dismissed the appeal.  *Id*., Ex. B.

During the pendency of the BIA appeal, Petitioner filed a 28 U.S.C. § 2241 Petition in this court on February 23, 2003, seeking to terminate removal proceedings on the ground that he is a "national" of the United States and not subject to deportation.  *See Dragenice v. Ridge*, Civil Action No. CCB-03-570 (D. Md. 2003) ("*Dragenice I*").  On April 24, 2003, the court directed that *Dragenice I* be transferred to the Fourth Circuit pursuant to 28 U.S.C. § 1631.  On November 10, 2003, the Fourth Circuit issued a stay of removal.  Paper No. 4, Ex. C.  On November 5, 2004, the Fourth Circuit reversed this court's transfer order and remanded the case.  *See Dragenice v. Ridge*, 389 F.3d. 92 (4th Cir. 2004).  The mandate was issued on February 18, 2005. Paper No. 4, Ex. D.      Petitioner challenges the lawfulness of his continued detention under Immigration and Naturalization Act § 241(a), 8 U.S.C. § 1231(a).  The court finds, however, that Petitioner's post-removal-order custody does not, at present, violate the dictates of *Zadvydas*.

In *Zadvydas*, the Supreme Court held that INA § 241(a)(6), 8 U.S.C. § 1231(a)(6), read in light of the due process protections to be afforded to aliens who have been admitted into the United States,

2

generally permits the detention of such an alien under a final order of removal only for a period reasonably necessary to bring about that alien's removal from the United States.[2]  *Zadvydas*, 533 U.S. at 701. Associate Justice Stephen G. Breyer, writing for the majority, concluded that the detention of such an alien beyond the statutory removal period, for up to six months after the removal order becomes final, is "presumptively reasonable." *Id.*  After six months, if an alien can provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must rebut the alien's showing in order to continue the alien in detention.  *Id*.

Undoubtedly, Petitioner was taken into immigration custody in April of 2002.  His order of removal did not become final, at the earliest, until April 30, 2003, when the BIA dismissed his appeal.   *See* 8 C.F.R. § 3.39; *Jamarillo v. INS*, 1 F.3d 1149, 1151 (11th Cir. 1993) (deportation order issued by an Immigration Judge becomes final upon decision of the appeal by the BIA, upon waiver of appeal, or upon expiration of the time allotted for an appeal when no appeal is taken).  The court finds, however, that the removal order was subject to judicial review in *Dragenice I* and the subsequent issuance of a stay of removal by the Fourth Circuit on November 10, 2003.  Under INA § 241(a)(1)(B), 8 U.S.C. § 1231(a)(1)(B), the removal period applicable to Petitioner would be  tolled until the Fourth Circuit issued its mandate on February 18, 2005.[3]

---

[2]   The scope of *Zadvydas* has been broadened to afford the same due process protections to inadmissible aliens.  *See Clark v. Suarez-Martinez*, 125 S.Ct. 716, 722-23 (2005).

[3]   The court observes that on March 30, 2004, an Order was entered which stayed Petitioner's removal during the pendency of *Dragenice I.  See Dragenice v. Ridge*, Civil Action No. CCB-03-570 at Paper No. 18.  Respondent is currently scheduled to file his Supplemental Answer on or before May 28, 2005, with counsel for Petitioner to file his Reply thirty days after service of the Supplemental Answer.  *Id.*

Under the circumstances, Petitioner's *Zadvydas* challenge to his continued custody is premature. The court find that his current detention violates neither procedural nor substantive due process. The Petition for writ of habeas corpus shall be dismissed without prejudice.

A separate Order follows.

Date: April   28th  , 2005.                             /s/
                                                Catherine C. Blake
                                                United States District Judge